NEWTON B. VAN DERZEE, Plaintiff, *v.* CITY OF LONG BEACH, Defendant.

Supreme Court, Nassau County, September 27, 1941.

*Newton B. Van Derzee,* for the plaintiff.

*Bernard H. Reich, Corporation Counsel,* for the defendant.

CUFF, J. Motion by plaintiff to strike out defendant's answer and for judgment pursuant to rule 113 of the Rules of Civil Practice. Plaintiff sues defendant city for interest past due on bonds issued by the city. The complaint, in addition to demanding a money judgment against the city, also demands judgment " against the defendant that the City Treasurer, City Comptroller, and/or other fiscal officer of the City of Long Beach be directed by this Court to set apart and apply the first revenues received by him after the receipt of a certified copy of a judgment to that effect in accordance with Article 8, Section 2, of the New York State Constitution."

I do not find that the answer raises any issues as to the indebtedness. Plaintiff is entitled to judgment for the amount demanded in the complaint. In this action at law, has the court power to enter a judgment directing how and when the defendant city shall pay? Plaintiff relies upon a provision in section 2 of article. VIII of the New York State Constitution, which, as far as applicable, is as follows: " Provision shall be made annually by appropriation by every * * * city * * * for the payment of interest on all indebtedness * * *. If at any time the respective appropriating authorities shall fail to make such appropriations, a sufficient sum shall be set apart from the first revenues thereafter received and shall be applied to such purposes. The fiscal officer of any * * * city * * * may be required to set apart and apply such revenues as aforesaid at the suit of any holder of obligations issued for any such indebtedness." This provision became a part of the Constitution by a vote of the People on November 8, 1938. The bonds sued upon were issued at different dates long prior to 1938. I do not think that a constitutional amendment of that kind adopted subsequent to the issuing of a bond can be read into that bond and be considered as a part of the contract.

There is a further reason why plaintiff should not have the directional relief that he seeks in this action. His suit is at law. Applicable thereto are all the incidents of that kind of suit, such as twenty days to answer the complaint, jury trial, varying limitations upon the time within which the action must be commenced, etc. Procedure in mandamus is quite different. (See **Civ. Prac.**

Act, art. 78.) Directional relief is foreign to an action at law. The State has provided procedure, the object of which is a direction to a public official to take certain action — a mandamus proceeding. (Civ. Prac. Act, § 1283 *et seq.*) The relief sought in that kind of suit is to compel a public officer to perform a duty and it may be granted where a clear legal right to have that duty performed is established. Only recently (September 1, 1937) the procedure treating with mandamus proceedings was clarified in this State. (Laws of 1937, chap. 526.) It is still the only remedy to compel a public officer to perform a duty. The constitutional provision (Art. VIII, § 2) which plaintiff refers to contains no suggestion that it was intended to work a change in the court procedure which this State has employed for many years. The language of the concluding clause of section 2, instead of providing new remedies and procedure, seems to point to mandamus. It reads: " The fiscal officer * * * *may be required* to set apart * * *." (Italics supplied.) Discretion reposed in the court is one of the outstanding features of a mandamus proceeding. Where requiring the duty to be performed would result in great hardship to the municipality and its inhabitants, the court in a mandamus proceeding may temper its direction. The court's exercise of discretion is resorted to with great regularity. No such power is given to the court in an action like the one at bar — an action at law.

The rules governing granting of relief in the latter suits are unbending; there is no discretion in any one to relax their rigidity. The words " may be required " clearly indicate the intention to permit the exercise of discretion in enforcing the amendment to the Constitution. It requires no extended argument to demonstrate the wisdom of retaining the procedure (mandamus) which allows the court to exercise discretion. The amount of the default could be a large sum. For the court to direct that the first revenues received after the docketing of the judgment to the exclusion of all other expenses be used by the fiscal authorities to liquidate .or discharge such money judgment could well deprive the municipality for a long period of the funds required by it to remove and dispose of the refuse, to extinguish fires, to furnish police protection and to carry on other essential activities. These public services, if not promptly attended to, could result in the spread of serious disease, a great loss of life and property, and encourage the commission of crime. The adoption of the amendment was not intended to give to a bondholder judgment creditor the absolute power to paralyze a municipality by enforcing his judgment. A proceeding in mandamus is the remedy for plaintiff to follow as a means of collecting the judgment. (See 178 Misc. 29.)

Motion granted to the extent of granting a money judgment to plaintiff but denied where directional relief is demanded.